UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:16-cv-00100-MOC

| | | |
|---|---|---|
| **SHAUNA M. GILBERT** | ) | |
| | ) | |
| | ) | ORDER |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| **NANCY BERRYHILL,** | ) | |
| **Acting Commissioner of Social Security** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the court on the parties' opposing Motions for Summary

Judgment (#9 and #14). The matter is ripe for review. Having carefully considered such

motions and reviewed the pleadings, the court enters the following findings, conclusions,

and Order.

## FINDINGS AND CONCLUSIONS

### I.    Administrative History

Plaintiff applied for Title II disability benefits in March 2012, alleging that she became

disabled on November 11, 2011. (Tr.  141). Her claim was denied at the initial and

reconsideration levels of review. (Tr. 45-72).  Plaintiff filed a timely request for a hearing

before an Administrative Law Judge ("ALJ"). (Tr. 106). A hearing was held before David

Pang, an ALJ, on August 25, 2014, at which plaintiff did not have an attorney

representative present. (Tr. 14). In a January 2015 written decision, the ALJ denied the

plaintiff's claim. (Tr. 73-96). Plaintiff requested review of the ALJ's decision. (Tr. 12). The request for review was denied by the Appeals Council on April 15, 2016 (Tr. 1-7), rendering the ALJ's decision the final decision of the Commissioner. See 20 C.F.R. § 404.981. Plaintiff has exhausted her available administrative remedies and the case is now ripe for judicial review under Section 205(g) of the Social Security Act. See 42 U.S.C. § 405(g).

## II.    Factual Background

It appearing that the ALJ's findings of fact are supported by substantial evidence, the court adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III.    Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not de novo, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401 (internal citations omitted). Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if it was supported by substantial evidence. Hays, 907 F.2d at 1456. The Fourth Circuit has explained substantial evidence review as follows:

the district court reviews the record to ensure that the ALJ's factual findings are supported by substantial evidence and that its legal findings are free of error. If the reviewing court decides that the ALJ's decision is not supported by substantial evidence, it may affirm, modify, or reverse the ALJ's ruling with or without remanding the cause for a rehearing. A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence. If the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.

Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) (internal citations and quotations omitted).

## IV.    Substantial Evidence

### A.  Introduction

The court has read the transcript of plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the relevant exhibits contained in the extensive administrative record. The issue is not whether a court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. The court finds that the ALJ's decision was supported by substantial evidence.

### B.  Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim pursuant to the following five-step analysis:

a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

b. An individual who does not have a "severe impairment" will not be found to be disabled;

c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d. If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 404.1520; 20 C.F.R. § 416.920(a)-(f). The burden of proof and production during the first four steps of the inquiry rests on the claimant. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. Id.

**C. The Administrative Decision**

At step one, the ALJ found that the plaintiff had not engaged in substantial gainful activity since November 11, 2011, which was the alleged onset date. (Tr. 78). At step two, the ALJ found that the plaintiff had the following severe impairments: degenerative disc

disease, reflex sympathetic dystrophy/complex regional pain syndrome, fibromyalgia, migraine headaches, and obesity. (Tr. 78). At step three, the ALJ determined that the plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 81).

The ALJ concluded that the plaintiff had the residual functional capacity (RFC) to perform light work, except that she would occasionally be able to climb ramps and stairs, never climb ladders, ropes, or scaffolds, and occasionally stoop, kneel, crouch, or crawl. (Tr. 81). In addition, the ALJ's RFC assessment noted that the plaintiff should never be able to work around unprotected heights. Id.

At step four, the ALJ found that plaintiff Hughes could perform her past relevant work as an administrative clerk, order clerk, and payroll clerk. (Tr. 90). Having so determined, the ALJ did not perform a step five analysis. (Tr. 90-91). Accordingly, the ALJ determined that the plaintiff had not been under a disability within the meaning of the Social Security Act, 20 C.F.R. 404.1520(g), from November 11, 2011. (Tr. 91).

**D. Discussion**

The court has closely read plaintiff's Memorandum of Law (#10) supporting her Motion for Summary Judgment. Plaintiff has made the following assignments of error:

I.   The ALJ erred in failing to explain why he did not express a full function-by-function analysis of the nonexertional mental functions associated with Gilbert's difficulties in functioning and did not make a full finding as to plaintiff's mental RFC.

II.  The ALJ did not provide good reasons for rejecting the opinions of Gilbert's treating physicians.

(#10) at 5. Plaintiff's assignment of error will be discussed *seriatim* below.

## A. Mental RFC

Plaintiff argues that the ALJ did not take into account Ms. Gilbert's mental impairments in fashioning his RFC finding. (#10) at 6. Citing Mascio v. Colvin, 780 F.3d 632, (4th Cir. 2015), the plaintiff argues that the ALJ should have further discussed how Ms. Gilbert's mental impairment affected her functional loss in four areas: the activities of daily living; social functioning, concentration, persistence, and pace; and episodes of decomposition. See id.

In this case, as plaintiff notes, the ALJ found that Ms. Gilbert had no restriction in maintaining social functioning, no episodes of decompensation, and only mild restrictions or difficulties in the activities of daily living and maintaining concentration. (Tr. 80); id. Plaintiff argues that Mascio requires an ALJ to account for *mild* limitations in mental functioning as part of the claimant's RFC.

As this court has previously held, Mascio discussed *moderate* limitations, not those that were found to be mild. Mascio specifically dealt with limitations that were found to be moderate, whereas here the limitations are either non-existent or mild. "As this case concerns only "mild difficulties," it does not trigger the RFC discussion requirements of Mascio *per se.*" Roberson v. Colvin, No. 3:15-CV-00570-MOC, 2016 WL 5844148, at *6 (W.D.N.C. Oct. 4, 2016). The instant case is markedly distinguishable from Mascio, and similar to that of the Roberson plaintiff, who was represented by the Piemonte Law Firm.

Moreover, the ALJ's opinion noted a review of available sources regarding the plaintiff's mental condition. This is far from the case of omitting a plaintiff's mental limitations from a claimant's RFC. See Reinhardt v. Colvin, No. 3:14-cv-488, 2015 WL 1756480 (W.D.N.C. April 17, 2015). In this case, the ALJ expressly mentioned four record sources regarding the plaintiff's mental impairments, and the ALJ addressed the relative weight he gave to each source with a rationale for the weight given. (Tr. 88-89). Moreover, he noted the plaintiff's own statements concerning Ms. Gilbert's "minimal mental limitations," and her statement to a consultative examiner that if she were able to return to work, she would not feel depressed or anxious. (Tr. 88).

Plaintiff argues that the ALJ erred in improperly assessing the Ms. Gilbert's mental RFC. The court reviews this allegation of error not for the ultimate conclusion—whether Ms. Gilbert's RFC should or should not include mental limitations—but instead whether the ALJ had substantial evidence upon which to make this determination. The court finds that the ALJ had substantial evidence to make such an assessment and, consequently, does not find error.

## B.    Treating Physician Opinion

Plaintiff's second assignment of error asserts that the ALJ did not provide adequate reasons for providing little weight to the treating source, Dr. Solomon. In particular, the plaintiff takes issue with the ALJ's weighting of the treating source's opinion that Ms. Gilbert was "unable to work" due to her alleged conditions. (Tr. 89, 747-48). The ALJ

afforded this opinion little weight, writing that "the issue of disability is reserved to the Commissioner."

In support of the plaintiff's contention, the plaintiff, *inter alia*, cites to 20 C.F.R.§ 404.1527. Plaintiff's citation correctly notes that treating sources are generally afforded additional weight. The same provision goes on to note:

> **(d) Medical source opinions on issues reserved to the Commissioner**. Opinions on some issues, such as the examples that follow, are not medical opinions, as described in paragraph (a)(2) of this section, but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability.
>
>> **(1)Opinions that you are disabled.** We are responsible for making the determination or decision about whether you meet the statutory definition of disability. In so doing, we review all of the medical findings and other evidence that support a medical source's statement that you are disabled. A statement by a medical source that you are "disabled" or "unable to work" does not mean that we will determine that you are disabled.
>>
>> **(2)Other opinions on issues reserved to the Commissioner**. We use medical sources, including your treating source, to provide evidence, including opinions, on the nature and severity of your impairment(s). Although we consider opinions from medical sources on issues such as whether your impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments in appendix 1 to this subpart, your residual functional capacity (see §§ 404.1545 and 404.1546), or the application of vocational factors, the final responsibility for deciding these issues is reserved to the Commissioner.
>>
>> **(3)** We will not give any special significance to the source of an opinion on issues reserved to the Commissioner described in paragraphs (d)(1) and (d)(2) of this section.

20 C.F.R. § 404.1527 (d). Applying the above-quoted regulation to the instant case, the ALJ appropriately noted that the opinion as to Ms. Gilbert's alleged inability to work belongs exclusively to the Commissioner.

Plaintiff argues that the ALJ "rejected" the opinion of the treating source. In the court's examination of the ALJ's opinion, the ALJ does not use the word "rejected" in discussing Dr. Solomon's opinion. Rather than being summarily "rejected," the ALJ gave "little weight" to the opinion, properly noted that Dr. Solomon was a treating source, and addressed specific reasons why the ALJ afforded this opinion with that weight. As noted above, treating sources are "generally" afforded more weight under 20 C.F.R. § 404.1527, and the Commissioner must provide "good reasons in our notice of determination or decision for the weight we give your treating source's opinion." 20 C.F.R. § 404.1527(d). In this case, the ALJ has properly done so, taking into account the available record and the opinion's supportability, consistency, specialization, and other factors, pursuant to 20 C.F.R. § 404.1527.

It is not the role of the reviewing court to re-weigh evidence before the ALJ; instead, the court asks ultimately whether the ALJ had substantial evidence upon which to base his opinion and followed the appropriate law. The court finds that the ALJ properly assessed the opinion of Dr. Solomon pursuant to 20 C.F.R. § 404.1527 and adequately provided good reasons for affording the weight he gave to that treating source opinion.

## E.  Conclusion

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's motion and brief, the Commissioner's responsive pleading, and plaintiff's assignment of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. <u>See</u> <u>Richardson v.</u> <u>Perales</u>, <u>supra</u>; <u>Hays v. Sullivan</u>, <u>supra</u>. Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," <u>Richardson v. Perales</u>, <u>supra</u> at 401, plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

(1) the decision of the Commissioner, denying the relief sought by plaintiff, is **AFFIRMED;**

(2) plaintiff's Motion for Summary Judgment (#9) is **DENIED;**

(3) the Commissioner's Motion for Summary Judgment (#14) is **GRANTED;** and

(4) this action is **DISMISSED.**

Signed: March 29, 2017

Max O. Cogburn Jr.
United States District Judge